**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DOUGLAS M. ROSEBY, # F09350 | * | |
| Plaintiff | * | |
| v. | * | Civil Action Case No. AW-10-417 |
| PAUL E. BUDLOW, et al. | * | |
| Defendants | * | |

***

MEMORANDUM

This is prisoner civil rights action under 42 U.S.C. § 1983[1] and motion to proceed in forma pauperis were filed pro se by Douglas M. Roseby, an inmate in the custody of the Bureau of Prisons. The court will grant the motion to proceed in forma pauperis for the purpose of preliminary review and dismiss the complaint without prejudice.

**Background**

Roseby is serving 420 months incarceration after a jury convicted him of crack and heroin trafficking in violation of 21 U.S.C. § 21 U.S.C. § 841 and related offenses. *See United States v. Roseby*, Criminal Action No. JFM-09-178 (D. Md). His appeal is before the Fourth Circuit. *See United States v. Roseby,* CA4 10-4066.

Roseby alleges that Officer Timothy Blasko "fraudulently obtained an unsigned warrant using Judge Hutchins name. Executed this unsigned warrant at 1233 S. Carey Street in violation of the Fourth Amendment and the Fifth Amendment was violated as well by this officer at the time of this search." Complaint, p. 4. Further, Roseby claims that Blasko spoke to the jury while they were on a break, "his intent clear to continue this violation and racial discrimination."

---

[1] Related complaints filed by Roseby were construed under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) because defendants were federal employees. The instant complaint was filed on a standard form used for § 1983 actions and it appears that Officer Blasko is a member of the Baltimore City Police Department.

Complaint, p. 5. [2]  Complaint, p. 4.  Roseby requests damages of $1, 500,000 for lost wages and suffering and wants "[to] reverse the discrimination that was done to me to correct all violations and restore my 14th amendment rights and this illegal incarceration…."  Complaint, p. 3, attachment. [3]

**Standard of Review**

The court must dismiss any action or claim filed by an inmate if it determines that the action or claim is frivolous or fails to state a claim on which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b)(l); 42 U.S.C. § 1997e(c).  The case will be dismissed under this standard.

**Analysis**

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). Civil actions under § 1983, however, are not appropriate for challenging the validity of criminal judgments.  *See Harvey v. Horan*, 278 F.3d 370, 374-75 (4th Cir. 2002).

Roseby does not allege that he has obtained a favorable outcome in relation to the contested warrant, arrest, or prosecution.  Where judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, the court must dismiss the complaint unless the plaintiff can demonstrate that the conviction or sentence has already been

---

[2]  Although Roseby names only "Paul E. Budlow, et al." as a defendant, he presents no claims against him in this complaint. Were this matter not barred under *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994), Budlow would be dismissed as a party defendant. The allegations in this case are related to those Roseby presents in other complaints. *See Roseby v. Paul E. Budlow, et al*., Civil Actions No.  AW-10-414, 415, and 416 (D. Md).

[3] To seek release from prison, a federal inmate may file an action for habeas corpus relief.

reversed on direct appeal, expunged by executive order, or called into question by issuance of a federal writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Roseby's claims directly relate to the propriety of his criminal conviction; a ruling favorable to plaintiff in this civil action would vitiate the legality of his criminal conviction. Thus, Roseby's claims may not proceed under *Heck*.

**Conclusion**

The case will be dismissed for failure to state a claim upon which relief may be granted. A separate order follows.


Date:  March 8, 2010                                                          _____/s/_____
                                                                                             Alexander Williams, Jr.
                                                                                             United States District Judge